# CASE NO. 12-56405

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

## NUSCIENCE CORPORATION

*Plaintiff-Appellee,*

v.

## ROBERT HENKEL

*Defendant-Appellant.*

————————

# APPELLEE NUSCIENCE CORPORATION'S MOTION FOR SANCTIONS BASED ON APPELLANT'S VIOLATION OF RULES OF APPELLATE PROCEDURE AND FRIVOLOUS APPEAL

————————

On Appeal From The United States District Court
For The Central District of California
District Court Case CV08-2661 GAF (FFMx)

————————

JACOBSON, RUSSELL, SALTZ & FINGERMAN, LLP
MICHAEL J. SALTZ, STATE BAR NO. 189751
BLAIR SCHLECTER, STATE BAR NO. 233684 (OF COUNSEL)
10866 WILSHIRE BOULEVARD, SUITE 1550
LOS ANGELES, CALIFORNIA 90023
TELEPHONE: (310) 446-9900
FACSIMILE: (310) 446-9909
*Attorneys for Plaintiff-Appellee NuScience Corporation*

# TABLE OF CONTENTS

I.     INTRODUCTION. ........................................................................3

II.    SUMMARY OF CONDUCT JUSTIFYING SANCTIONS. ...........4

III.   ARGUMENT. ..............................................................................5

      A.    THIS COURT SHOULD IMPOSE MONETARY
            SANCTIONS UNDER FEDERAL RULES OF APPELLATE
            PROCEDURE, RULE 38, CIRCUIT RULES AND 28 U.S.C.
            SECTION 1927 ...................................................................5

      B.    MR. HENKEL'S VIOLATION OF THE RULES OF
            APPELLATE PROCEDURE HAS CAUSED NUSCIENCE
            TO INCUR UNNECESSARY FEES AND COSTS. ...........6

      C.    THE UNDISPUTED FACTS WHICH MR. HENKEL
            MISREPRESENTS OR OMITS DEMONSTRATE THAT HIS
            APPEAL IS FRIVOLOUS. ...............................................11

            1.   Facts Omitted by Mr. Henkel. ..............................11

            2.   Facts Misrepresented by Mr. Henkel .....................13

            3.   Other Improper Facts Referred to by Mr. Henkel ...................17

IV.    MR. HENKEL'S APPEAL MISREPRESENTS THE BURDEN OF
      PROOF. ......................................................................................18

V.     MR. HENKEL EXCLUDED EVIDENCE OF NUSCIENCE'S
      ARGUMENT THAT HIS CHALLENGE TO JURISDICTION IS
      WAIVED. ...................................................................................19

VI.    ATTORNEY'S FEES SHOULD BE AWARDED AGAINST
      COUNSEL. .................................................................................20

VII.   CONCLUSION. ..........................................................................20

# TABLE OF AUTHORITIES

## CASES

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131
(9th Cir. 2010) ...................................................................14

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1078
(9th Cir. 2011) ...................................................................14

*Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1243
(9th Cir. 1998) ...................................................................10

*Kalombo v. Hughes Mkt. Inc.*, 886 F.2d 258, 259-260 (9th Cir. 1989).....................9

*S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165-1166
(9th Cir. 2007) ...................................................................13

*Wilcox v. C.I.R.*, 848 F.2d 1007, 1009 (9th Cir. 1988)...........................................11

## STATUTES

28 USC § 1927 ...........................................................................................5

## RULES

Circuit Rule 30-1.4...........................................................................6, 10

Circuit Rule 30-1.4(c) ...........................................................................6

Circuit Rule 30-2.......................................................................... 5, 7, 10

Circuit Rule 39-1.6...........................................................................5

*Federal Rules of Appellate Procedure*, Rule 38 .......................................5

# I.     INTRODUCTION.

Appellee NuScience Corporation seeks its attorney's fees and costs incurred in having to respond to Mr. Henkel's appeal.

There are two primary grounds for sanctions.  First, Mr. Henkel has violated multiple rules of appellate procedure, including intentionally omitting relevant portions of the record and relevant facts from his Opening Brief and Excerpts of Record.  As a result, NuScience has incurred unnecessary costs in preparing Supplemental Excerpts and having to clarify the record and facts to this Court.

Second, the appeal is frivolous.  The only way Mr. Henkel can present a plausible argument on appeal is by excluding undisputed evidence relied on by NuScience and the District Court.   This undisputed evidence establishes that Mr. Henkel unlawfully targeted NuScience, a California Corporation, in a malicious and repeated manner, thus giving rise to specific jurisdiction over Mr. Henkel.

Despite being advised of these improper actions, Mr. Henkel has repeated his baseless assertions in his Reply Brief by refusing to acknowledge undisputed facts and law.

Based on the above, and the discussion below, NuScience seeks to recover the attorney's fees and costs it has expended on this appeal in the amount of $63,610.00.

## II.    SUMMARY OF CONDUCT JUSTIFYING SANCTIONS.

Monetary sanctions should be imposed on Mr. Henkel and his attorney for the following reasons: (1) Mr. Henkel has omitted material portions of the evidence from his Excerpts of Record and his Brief.  As a result, NuScience has been forced to file Supplemental Excerpts of Record to present a full picture of the evidence.  (2) Mr. Henkel has omitted undisputed material facts from his Opening Brief.  These undisputed material facts establish that Mr. Henkel has targeted NuScience in an unrelenting fashion.  The undisputed facts found by the District Court demonstrate that Mr. Henkel has no chance of prevailing in this matter, making his appeal frivolous.  As a result, NuScience has been forced to respond to a baseless appeal.  (3) Mr. Henkel misrepresents the burden of proof and fails to acknowledge the undisputed case law establishing that the burden of proof is on him to establish lack of jurisdiction.  (4) Mr. Henkel has excluded evidence on appeal of NuScience's argument that his challenge to jurisdiction is barred because he previously filed a Motion to Dismiss challenging jurisdiction.

As a result of this conduct, NuScience has incurred fees and expenses in having to present a supplemental record with the material facts and in having to rebut or address Mr. Henkel's misrepresentation of the record and the law.

## III.   ARGUMENT.

### A.   THIS COURT SHOULD IMPOSE MONETARY SANCTIONS UNDER FEDERAL RULES OF APPELLATE PROCEDURE, RULE 38, CIRCUIT RULES AND 28 U.S.C. SECTION 1927

*Federal Rules of Appellate Procedure*, Rule 38 provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Under Circuit Rule 39-1.6, a request for attorneys' fees can be filed up until 14 days after the expiration of the time to file a petition for rehearing, or 14 days after the Court's disposition of a petition if one is filed.

United States Court of Appeals for the Ninth Circuit, Circuit Rule 30-2, provides that if materials required to be included in the Excerpts of Record are omitted the Court may, among other actions, impose monetary sanctions. Cir. R. 30-2.

Finally, under 28 U.S.C. section 1927, any attorney who unreasonably and vexatiously multiplies the proceedings in a case can be "required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 USC § 1927.

In this case, Mr. Henkel's attorney has pursued a frivolous claim of lack of jurisdiction on appeal by omitting or misstating material facts and law. As a result,

NuScience has had to respond to Mr. Henkel's meritless contentions and set the record straight.

Mr. Henkel and his attorney are subject to sanctions under these provisions as well as this Court's inherent authority to monitor the conduct of those litigants before it.

### B. MR. HENKEL'S VIOLATION OF THE RULES OF APPELLATE PROCEDURE HAS CAUSED NUSCIENCE TO INCUR UNNECESSARY FEES AND COSTS.

Ninth Circuit Rule 30-1.4 (Required Contents of the Excerpts of Record) provides that:

> (a) In all appeals, the excerpts of record shall include:
> …
> (x) where an issue on appeal is based on written exhibits (including affidavits), those specific portions of the exhibits necessary to resolve the issue; and
> (xi) any other specific portions of any documents in the record that are cited in appellant's briefs and necessary to the resolution of an issue on appeal.

Cir. R. 30-1.4(a). Circuit Rule 30-1.4(c) provides in relevant part that:

> In addition to the items required by Circuit Rule 30-1.4(a), in civil appeals the excerpts of record shall also include:
> . . .
> (ii) where the appeal is from the grant or denial of a motion, those specific portions of any affidavits, declarations, exhibits or similar attachments submitted in support of or in opposition to the motion that are essential to the resolution of an issue on appeal . . .

Cir. R. 30-1.4(c).  Finally, Circuit Rule 30-2 provides that if materials required to be included in the excerpts are omitted the Court may, among other actions, strike the excerpts and order that they be resubmitted, and impose monetary sanctions. Cir. R. 30-2.

In this case, Mr. Henkel has clearly violated these rules by failing to include NuScience's exhibits submitted in Opposition to the Motion to Vacate Default Judgment and excluding the entirety, or portions of, many other documents relevant to this appeal.  Mr. Henkel omitted the following from his Excerpts:

(1) most of NuScience's Opposition to his Motion to Vacate Default, the very pleadings he seeks review of on this appeal.  NuScience's Opposition contains much of the facts and argument that the District Court relied on in coming to its decision.  (1 AER15-28, 1 SER 112-132).  Mr. Henkel's Reply Brief states that he only included excerpts which were specifically cited by him.  This statement proves NuScience's point that Mr. Henkel has selectively picked only those parts of the Opposition he believes are favorable to him.  (See 2 AER 109-117).

(2) the entirety of two material declarations (the Declarations of Michael Saltz and Stephen Byers) filed in support of NuScience's Opposition.  (1 SER 85-111).  The Declaration of Michael Saltz points out and attaches evidence that Mr. Henkel previously attempted to file a Motion to Dismiss and that this conduct resulted in a waiver of Mr. Henkel's right to challenge jurisdiction.  (1 SER 104-

111). The Declaration of Stephen Byers provides evidence in support of personal jurisdiction, including Mr. Henkel's improper solicitation of NuScience's customers, as well as emails and internet postings that disclose or threaten to disclose NuScience's trade secrets and trademark rights. (1 SER 85-103).

In his Reply Brief, Mr. Henkel claims he was not required to insert these facts into his Excerpts of Record and brief because he is not disputing "many" of the assertions set forth in the Declarations. (Reply Brief, pg. 19). However, these documents must be included because NuScience relied on them in Opposition to the Motion to Vacate Default and they are clearly relevant to the legal claims on appeal. Indeed, the District Court discussed and relied on them in issuing its Order. (1 AER 15-22). If Mr. Henkel is claiming he is not disputing these material facts, then these facts must appear in his Opening Brief. To the contrary, he ignores them. Therefore, these facts should have been mentioned by Mr. Henkel in his Briefs.

(3) NuScience's Request for Entry of Default and Application for Default Judgment by the Court, establishing jurisdiction and harm to NuScience, and disputing any claim by Mr. Henkel that NuScience did not produce grounds for a Default Judgment. (2 AER 222, 2 SER 329-333, 347-348).

(4) a full version of NuScience's Application for Issuance of an Order to Show Cause Re Contempt against Mr. Henkel and his co-defendants along with

8

supporting evidence. Mr. Henkel claims this evidence is not relevant because he is not appealing from the order of contempt. (Reply Brief, pg. 18). However, as NuScience has already explained, this Application contains a vast amount of evidence against Mr. Henkel. The District Court cited this evidence in its Order finding there was jurisdiction over Mr. Henkel. (1 AER 15-28, 2 AER 224, 1 SER 242-255). Therefore, to exclude such evidence is highly improper.

(5) the District Court's Order granting NuScience's Application for an Order to Show Cause Re Contempt (2 AER 225, 1 SER 133-138). This Order contains numerous factual findings that Mr. Henkel was targeting NuScience in a malicious manner. (*Id*).

(6) Objections to Mr. Henkel's evidence submitted with his Motion to Vacate the Default Judgment (2 AER 227, 1 SER 1-15). Although all objections to evidence were overruled by the District Court, to the extent Mr. Henkel's evidence is considered by this Court, much of it is improper.

Based on the material that is excluded, Mr. Henkel prepared the record to include only information helpful to him. See *Kalombo v. Hughes Mkt. Inc.*, 886 F.2d 258, 259-260 (9th Cir. 1989) (Court agreed that "sanctions should be imposed" for various rule violations, including that "counsel has ignored this Circuit's rules concerning the filing of an excerpt of record.")

In connection with the above, Mr. Henkel's recitation of the facts is entirely selective and omits a number of undisputed facts, as set forth below. Mr. Henkel's conduct has caused harm to NuScience, as NuScience has had to prepare Supplemental Excerpts of Record and has had to respond to numerous omissions and misstatements by Mr. Henkel to avoid the danger that the Court might come to incorrect conclusions about the facts and law.

In 1998, this Court stated, "[a]n unfortunate trend has developed among attorneys who practice in this circuit to disregard, either intentionally or negligently, the rules of practice and procedure we have adopted to supplement the Federal Rules of Appellate Procedure." *Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1243 (9th Cir. 1998). This Court explained that it had allowed previous violations to "slide by" but that "this habit of noncompliance must end." *Id.* Therefore, this Court signaled that the rules going forward are going to be enforced.

To protect NuScience (both monetarily and as to the merits of this case) and to ensure there is some penalty for violating court rules, this Court should enforce Circuit Rules 30-1 and 30-2.

NuScience requests that monetary sanctions be imposed against Mr. Henkel and his attorney in the amount of $63,610.00.

**C.     THE UNDISPUTED FACTS WHICH MR. HENKEL MISREPRESENTS OR OMITS DEMONSTRATE THAT HIS APPEAL IS FRIVOLOUS.**

"An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *Wilcox v. C.I.R.*, 848 F.2d 1007, 1009 (9th Cir. 1988).

Mr. Henkel's appeal is frivolous as demonstrated by his intentional omission of facts and evidence relevant to the issues on appeal. Mr. Henkel has improperly omitted many of the District Court's undisputed factual findings and has "cherry picked" facts from the (incomplete) record he has produced. Reading Mr. Henkel's Opening Brief, one would have little idea how the District Court came to its decision.

When the District Court's undisputed factual findings are taken into account, there is simply no possibility that Mr. Henkel can prevail on this appeal.

**1.     Facts Omitted by Mr. Henkel**

The undisputed facts which Mr. Henkel has omitted from his briefing include that:

(1) Mr. Henkel has threatened to reveal NuScience's formula to the world through internet postings and emails. (1 AER 21, 24, 1 SER 140:14-16, 140:22-141:12, 142:3-9, 161-162, 181:19-184:3);

11

(2) Mr. Henkel was directly soliciting all of NuScience's customers, thus engaging in "individualized targeting" of NuScience, a California Corporation. (1 AER 19-21);

(3) Mr. Henkel asked several NuScience customers if they were interested in distributing Everett Storey's original formula. (1 AER 19, 1 SER 74:22-75:6, 77-84).

(4) In violation of the Default Judgment and in contempt of court, "NuScience and its customers have received e-mails from Defendants disparaging NuScience's business practices and products and Negrete personally; offering to sell the same basic product as CELLFOOD, made by Defendants; threatening to contact CELLFOOD retailers directly to inform them that the product is not made from Storey's original formula, but, rather, from a formula for 'drain cleaner'; and demanding payment from NuScience of $300 million." (1 AER 24, 1 1 SER 178:22-180:19 , 187-195, 219-236).

These are just some of the facts omitted from Mr. Henkel's recitation of the facts.

Despite being put on notice of these deficiencies through NuScience's Opening Brief, Mr. Henkel's Reply Brief continues to discuss the record as if these facts do not exist. (Reply Brief, pgs. 22-27). This continued conduct is improper.

### 2. Facts Misrepresented by Mr. Henkel

Further, Mr. Henkel has made numerous misrepresentations of the facts in his briefs. In particular, he claims that:

(1) Mr. Henkel claimed that NuScience's default judgment did not contain any proof that NuScience had suffered any damage. Specifically, he states that "NuScience did not allege that a single dollar in sales was lost nor describe in any manner what prospective economic advantage was lost or even impaired." (Opening Brief, pg. 12). However, in support of its Default Judgment, NuScience submitted undisputed evidence that it would have received $400,000.00 per quarter from Defendants if they had lawfully acquired the right to use NuScience's trade secret formula. (2 AER 68:12-20, 2 SER 323:18-324:5). The District Court also found NuScience was harmed by Defendants' actions in lost sales and goodwill. (1 AER 8). All of this evidence was in the Excerpts of Record that Mr. Henkel has submitted to this Court. Yet, no mention is made of these undisputed facts. In his Reply Brief, Mr. Henkel appears to now grudgingly admit the existence of these facts. However, Mr. Henkel persists in claiming NuScience did not produce any evidence of damages. (Reply Brief, pg. 2). This conduct is frivolous.

In addition, the burden of proof in this case is on Mr. Henkel, not NuScience. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165-1166 (9th Cir. 2007). Therefore, NuScience had no burden to produce any evidence.

Moreover, the element of harm "is satisfied when defendant's intentional act has 'foreseeable effects' in the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010). Allegations of a complaint are sufficient to establish a prima facie case of harm and are accepted as true. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). Here, NuScience went far beyond allegations and set forth multiple forms of proof of harm in the District Court. Therefore, Mr. Henkel's legal argument that no harm was shown is also frivolous.

(2) Mr. Henkel claims that the District Court exercised jurisdiction based on a ". . . claim of trademark infringement and little more…" (Opening Brief, pg. 21). Again, this is false. This claim is directly contradicted by the evidence and the findings of the District Court that Mr. Henkel directly solicited NuScience's customers and disparaged NuScience's product to them, revealed various aspects of NuScience's trade secret formula and offered the formula for sale on their web site and in emails, claimed that their product was made using Everett Storey's original formula (which NuScience owns the rights to) and attempted to sell such product on a world-wide basis, and infringed several of NuScience's trademarks, amongst a host of other improper conduct. (1 AER 3-28). All of the District Court's findings were supported by a large volume of evidence submitted by

14

NuScience. (1 AER 15-28 (citing NuScience's evidence)). This outrageous, undisputed conduct by Mr. Henkel is completely omitted from Mr. Henkel's brief.

(3) Mr. Henkel claims that the only sales of his products were in California and Florida. (Opening Brief, pg. 13). However, the undisputed facts found by the District Court and in the record are that Mr. Henkel made sales of "Deutrocell" on a world-wide basis to Australia, South Africa and the state of New Jersey. (1 AER 21, 2 AER 98-99). And while Mr. Henkel focuses on the amount of the sales of his product, he continues to ignore the wide range of other conduct he has admittedly engaged in against NuScience and which the District Court found provided a basis for jurisdiction.[1]

(4) Mr. Henkel claims that he legitimately came into possession of NuScience's formula from Everett Storey. However, the undisputed facts are that NuScience has the legal rights to <u>all</u> formulas developed by Everett Storey, including Everett Storey's "original" formula. (1 AER 15, 2 AER 44-46). Therefore, Mr. Henkel has no right to use any formula derived from Mr. Storey.

(5) Mr. Henkel claims that his product Deutrocell "shared almost nothing in common with NuScience's product." (Opening Brief, pgs. 8-9). Again, this is false. The undisputed facts are that Mr. Henkel himself has advertised that the

---

[1] Mr. Henkel also ignores the fact that NuScience was prevented from conducting discovery as to the amount of sales because Mr. Henkel failed to respond to the complaint and was defaulted. Mr. Henkel cannot use this fact against NuScience.

formula he has is the same as that of NuScience's CELLFOOD. (1 SER 95, 204-205, Doc. 50-2, Exh. 3). Mr. Henkel states in one email how "I CAME TO POSSESS THE ORIGINAL 'CELLFOOD' FORMULA." (1 SER 213). Elsewhere, the Henkels state that their product, "Choice 02," "has tested the same as Cellfood" in a number of areas. (1 SER 201). This is an explicit admission that Mr. Henkel is using NuScience's formula.

The District Court also found that "Defendants' web sites have continued to list the trade secret ingredients for CELLFOOD, including all 78 minerals, 34 enzymes, and 17 amino acids, and have advised that the product is 6.3 percent deuterium sulfate." (1 AER 25). Mr. Henkel's failure to address these undisputed findings is inexcusable.

After NuScience cited all of this evidence in its Opening Brief, Mr. Henkel continues to insist in his Reply Brief that "As to the claim that the Henkels were marketing or selling the same formula….[t]here was never any evidence offered by NuScience that the products are the same…" (Reply Brief, pg. 4). Mr. Henkel's continued assertion that NuScience produced "no evidence", in the face of overwhelming and undisputed evidence to the contrary, is frivolous conduct.

These are just some of the examples of the numerous misrepresentations and omissions made by Mr. Henkel in his brief.

### 3.     Other Improper Facts Referred to by Mr. Henkel

Finally, Mr. Henkel cites facts which are opinion and/or not cognizable on this appeal. For example, Mr. Henkel cites to "facts" from his counsel's Motion for Relief from Contempt to support his claims regarding lack of jurisdiction. However, these "facts" were not before the District Court at the time it ruled on Mr. Henkel's Motion to Vacate Default. (1 AER 15-28, 2 AER 133, 218). Rather, they were submitted well after the District Court's Order. (*Id*). As NuScience described in its Opening Brief, these "facts" are also merely counsel's unsupported interpretation of the evidence and are inadmissible on a number of grounds, including hearsay and lack of foundation. Therefore, these facts cannot be used to argue that the District Court's Order was in error.

In short, Mr. Henkel's brief demonstrates repeated attempts by Mr. Henkel to hide, omit or misrepresent undisputed material facts.

These undisputed material facts establish that Mr. Henkel has, and still is, targeting NuScience in an unrelenting and malicious manner. These facts indisputably demonstrate that the District Court was correct in finding specific jurisdiction. In the face of these undisputed facts, Mr. Henkel's attempt to challenge jurisdiction is outrageous. Mr. Henkel's appeal is frivolous.

**IV.   MR. HENKEL'S APPEAL MISREPRESENTS THE BURDEN OF PROOF.**

Additionally, Mr. Henkel misrepresents the burden of proof and ignores clear case authority putting the burden of proof on him.  In particular, Mr. Henkel claims in his brief that NuScience had the burden of proof.  (Opening Brief, pg. 17).  However, NuScience had already explained in the District Court that the burden of proof was on Mr. Henkel due to his default.  (1 SER 116:2-118:18).  The District Court agreed with NuScience based on the clearly established case law.  (1 AER 21).

Mr. Henkel fails to acknowledge the legal authority placing the burden of proof on him and improperly contends the burden of proof is on NuScience.  This is frivolous conduct.  In his Reply Brief, Mr. Henkel finally admits that "…it is true that the burden is shifted – to a degree – to Henkel to establish a lack of a basis for jurisdiction."  (Reply Brief, pg. 27).  Mr. Henkel does not explain what this "degree" is, does not cite any authority in support of this claim, and does not provide any explanation of how he has met his burden of proof.   That is because he cannot meet his burden of proof.

When the burden of proof is properly placed on Mr. Henkel, it is clear that Mr. Henkel's appeal is meritless.  He failed to provide any significant evidence to meet his burden of proof in the District Court.  And he fails to point to any evidence on appeal disputing the mountain of evidence NuScience had produced

18

demonstrating that Mr. Henkel has targeting NuScience in an unrelenting and illegal manner. To pursue an appeal under these undisputed facts is frivolous conduct.

## V.   MR. HENKEL EXCLUDED EVIDENCE OF NUSCIENCE'S ARGUMENT THAT HIS CHALLENGE TO JURISDICTION IS WAIVED.

In addition to the above, Mr. Henkel has excluded evidence and argument set forth by NuScience that his appeal as to jurisdiction is waived.

In particular, Mr. Henkel excluded the Declaration of Michael Saltz from his Excerpts. This declaration provides undisputed evidence that Mr. Henkel previously attempted to submit a handwritten "Motion to Dismiss or Transfer" to the District Court based on improper venue and lack of jurisdiction. (1 AER 20, 1 SER 104-111, 118:19-119:12, 2 SER 341). The Motion to Dismiss or Transfer was rejected for filing by the District Court. (1 AER 20, 2 SER 341). The Motion was never re-filed. (1 AER 20).

The District Court declined to reach this argument and relied on other grounds in denying Mr. Henkel's Motion. (1 AER 20). Nevertheless, this excluded evidence clearly establishes that Mr. Henkel waived jurisdiction through his previous attempt at challenging jurisdiction. Mr. Henkel's exclusion of this evidence further establishes his improper conduct and that his appeal is baseless. Therefore, NuScience is entitled to recover its fees and costs.

## VI. ATTORNEY'S FEES SHOULD BE AWARDED AGAINST COUNSEL.

As stated above, under 28 U.S.C. section 1927, an attorney can be held liable for unreasonably and vexatiously multiplying a proceeding. Here, Mr. Henkel's counsel has pursued a meritless claim of lack of jurisdiction three years after a default judgment has entered. And he has done so by ignoring or misstating undisputed facts and law from the District Court proceedings. Therefore, he should be held accountable for the costs and fees NuScience has incurred in this matter.

## VII. CONCLUSION.

Based on the above, NuScience requests fees and costs in the amount of $63,610.00 against Mr. Henkel and his attorney, Stephen Abraham. NuScience also anticipates that it will file a supplemental declaration for any additional fees incurred in drafting a reply and preparing for and attending oral argument in support of this motion.

DATED: June 18, 2013

Respectfully submitted,

By:   /s/ Michael J. Saltz
JACOBSON, RUSSELL, SALTZ &
FINGERMAN, LLP
MICHAEL J. SALTZ
BLAIR SCHLECTER (OF COUNSEL)
Attorneys for Plaintiff-Appellee
NuScience Corporation

20

**CERTIFICATE OF COMPLIANCE PURSUANT TO FED. R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1**

Pursuant to Fed. R. App. P. 32(a)(7)(c) and Circuit Rule 32-1, I certify the attached Appellant's Opening Brief is proportionately spaced, has a typeface of 14 points or more and contains 3,825 words.


DATED: June 18, 2013

Respectfully submitted,


By:  /s/ Michael J. Saltz
JACOBSON, RUSSELL, SALTZ &
FINGERMAN, LLP
MICHAEL J. SALTZ
BLAIR SCHLECTER (OF COUNSEL)
Attorneys for Plaintiff-Appellee
NuScience Corporation

## DECLARATION OF MICHAEL J. SALTZ

I, MICHAEL J. SALTZ, certify and declare as follows:

1.      I am an attorney at law admitted to practice before this Court and am a partner with Jacobson, Russell, Saltz, and Fingerman LLP, counsel for appellee NuScience Corporation.

2.      This Declaration is made in support of Appellee NuScience's Motion for Sanctions on Appeal.

3.      A true and correct copy of Form 9: Application for Attorney's Fees, is attached as Exhibit "A."

4.      In total, my firm has incurred a total of 184.1 hours in connection with this Appeal. A true and correct copy of our firm's time entry records for the work on our firm on appeal is attached as Exhibit "B." The information entered in the time entry records is accurate. Exhibit "B" contains a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the calculation based on a discounted rate well below my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm.

5.      The hours breakdown for each lawyer is as follows:

(a) Michael J. Saltz – 135.10 hours

(b) Mark E. Fingerman – 42.70 hours

(c) Colby A. Petersen – 16.5 hours

6.      The hourly rates claimed are well below the prevailing rates in the relevant market – the Los Angeles legal community.  The discounted hourly rates for the partners, attorneys and professional staff in my firm and charged to the Client are lower than the regular current rates charged for these services in non-contingent matters and/or which have been accepted and approved in other litigation. The rates charged include $350.00 an hour for Partners, and $300 for Senior Associates, which is lower than the prevailing rate in the relevant market. By way of example, this firm's rate of $525 an hour was approved and awarded in 2012 by the Hon. James W. Ware in Case Number 5:09-CV-01911-JW in the United States District Court Northern District of California. Additionally, the $525.00 per hour rates charged by my firm are actually lower than the hourly rates charged by attorneys of comparable skill and expertise in the Los Angeles area. By way of example, and not limitation, the Hon. James W. Ware in Case Number 5:09-CV-01911-JW awarded my co-counsel at the law firms of McNicholas and McNicholas LLP – which is located in the very same building as my firm's offices – and Liner, Grode, Stein, Yankelevitz, Sunshine, Regenstreif & Taylor LLP – which is located across the street from my firm's offices – a higher lodestar rate than my firm. The Liner Firm received approval of a Lodestar rate of $550.00 and

23

$600.00 per hour and the McNicholas Firm received a Lodestar rate of $850.00 per hour.

 7. A total of $63,610.00 has been incurred in defending this appeal and in preparing Supplemental Excerpts of Record due to Mr. Henkel's failure to include all of NuScience's evidence. I anticipate that further fees will be incurred in drafting a reply to any opposition hereto, and preparing for and attending oral argument on this motion.

 I declare under penalty of perjury under the laws of the State of California and the United State of America that the foregoing is true and correct to the best of my knowledge.

 Executed on June 18, 2013, at Los Angeles, California.


        /S/ MICHAEL J. SALTZ

        Michael J. Saltz, Esq.

**EXHIBIT "A"**

Office of the Clerk
# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
P.O. Box 193939
San Francisco, California 94119-3939

Molly C. Dwyer
Clerk of Court

(415) 355-8000

## Form 9: APPLICATION FOR ATTORNEYS FEES
### Under Ninth Circuit Rule 39-1.6

9th Cir. No. 12-56405    Case Name: NuScience Corporation    v. Robert Henkel

| *DESCRIPTION OF SERVICES* | *HOURS* |
|---|---|
| Interviews & Conferences | 2.3 |
| Obtaining & Reviewing Records | 11.9 |
| Legal Research | 34.8 |
| Preparing Briefs | 135.1 |
| Preparing for & Attending Oral Argument | |
| Other (specify below): | |
| TOTAL Hours Claimed | 184.1 |

*TOTAL COMPENSATION REQUESTED:* $ 63,610

Signature  /s Michael J. Saltz, Esq.    Date  Jun 18, 2013

A request for an award of attorneys fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them and must be accompanied by Form 9 or a document that contains substantially the same information, along with:

(1) a detailed itemization of the tasks performed each date and the amount of time spent by each lawyer and paralegal on each task;
(2) a summary for each lawyer and paralegal of the total hours spent in the categories set forth above;
(3) a showing that the hourly rates claimed are the prevailing rates in the relevant market; and
(4) an affidavit attesting to the accuracy of the information submitted.

**EXHIBIT "B"**

**SUMMARY OF TOTAL HOURS SPENT BY CATEGORY**

| ATTORNEY | CATEGORIES & HOURS | | TOTAL HOURS |
|---|---|---|---|
| Colby A. Petersen | Obtaining & Reviewing Records | 3.0 Hours | 16.5 Hours @ $300.00/Hr = $4,950.00 |
| | Legal Research | 1.3 Hours | |
| | Preparing Briefs | 12.2 Hours | |
| Mark E. Fingerman | Interviews & Conferences | 0.5 Hours | 42.7 Hours @ $350.00/Hr = $14,945.00 |
| | Obtaining & Reviewing Records | 1.7 Hours | |
| | Legal Research | 26.4 Hours | |
| | Preparing Briefs | 14.1 Hours | |
| Michael J. Saltz | Interviews & Conferences | 1.8 Hours | 124.9 Hours @ $350.00/Hr = $43,715.00 |
| | Obtaining & Reviewing Records | 4.3 Hours | |
| | Legal Research | 28.1 Hours | |
| | Preparing Briefs | 117.1 Hours | |

## DETAILED ITEMIZATION OF TASKS PERFORMED

| Date | Description | Hours | Attorney |
|------|-------------|-------|----------|
| Jul-31-12 | Download Notice of Appeal and Email to M. Saltz and M. Fingerman | 0.20 | CP |
| | Review Timeliness of Appeal by Opposing Counsel | 0.50 | CP |
| Aug-01-12 | Receive and review email from Court re filing of Notice of Appeal and related documents and notices. | 0.10 | MJS |
| | Review Notice of Appeal, Corrected Representation Statement, Appellate Docketing Statement, and related exhibits. | 0.80 | MJS |
| Aug-06-12 | Research Timeliness of Appeal re Appellent's failure to timely file appeal following order of confirming Court's jurisdiction; Draft Email to M. Saltz re same | 1.30 | CP |
| Aug-07-12 | Legal research and analysis re: timing of appeal by Robert Henkel to denial of motion to vacate default judgment; memo. | 2.50 | MEF |
| | Retrieve Copy of Court Docket per M. Fingerman's Instruction in relation to Appeal of District Court's Order | 0.20 | CP |
| Aug-08-12 | Strategy conference with M. Saltz re grounds for motion to dismiss appeal. Complete initial research and analysis of grounds for motion to dismiss appeal; memo. E-mail to M. Saltz re same. | 4.00 | MEF |
| | Review Memo from M. Fingerman re Motion to Dismiss Appeal. | 1.60 | MJS |
| Aug-10-12 | Review Edits and Finalize Draft for Filing with Appellate Court | 2.00 | CP |

| Aug-17-12 | Receive and review email from Order from Appellate Court re Mediation response. | 0.10 | MJS |
|---|---|---|---|
| Aug-17-12 | Retrieve Order from Court; Draft E-mail to M. Saltz re: Order of Consideration of Mediation | 0.20 | CP |
| Aug-27-12 | Receive and review email from Court denying Abraham access to the Mediation Program. | 0.10 | MJS |
| Aug-28-12 | Review incoming order from court of appeals re mediation. Analyze options. E-mail to and from M. Saltz re same. E-mail to Court in response to the Court's Order providing the reasons why the appeal should not be included in the Court's mediation program. | 1.70 | MEF |
| | Review letter to Court re Mediation Program. | 0.10 | MJS |
| Aug-30-12 | Appeal: Legal research re: modification of court orders extending time for notice of appeal; memo. Review and analyze procedure and options for motion to dismiss appeal. Analyze options and strategy for making demand to voluntarily dismiss appeal. E-mail to M. Saltz re same. Prepare detailed demand letter to opposing counsel re voluntary dismissal of appeal. E-mail to M. Saltz re same. | 4.60 | MEF |
| Aug-31-12 | Strategy conference with M. Saltz re motion to dismiss appeal. | 0.50 | MEF |
| Sep-01-12 | Received and reviewed Order from Court re rejection of inclusion in Mediation Program. | 0.10 | MJS |
| | Received and reviewed Time Schedule Order from 9th Circuit. | 0.20 | MJS |
| Sep-03-12 | Review of motion to dismiss appeal. | 0.60 | MJS |
| Sep-04-12 | Revise motion to dismiss appeal for lack of jurisdiction. | 3.9 | MJS |

3

| | | | |
|---|---|---|---|
| Sep-05-12 | Finish motion to dismiss appeal for lack of jurisdiction. | 2.70 | MJS |
| Sep-05-12 | Legal research re: what constitutes "modification" of an order subject to appeal. | 1.50 | MEF |
| | Calendar Oral Argument Schedule | 0.20 | CP |
| Sep-06-12 | Prepare Motion to Dismiss appeal. E-mail to M. Saltz re same. | 4.30 | MEF |
| Sep-11-12 | Review letter to Opp Counsel demanding dismissal of appeal. | 0.30 | MJS |
| Sep-12-12 | Multiple e-mail from opposing counsel re our demand to dismiss the appeal. Strategy conference with M. Saltz re same; memo. Draft response to opposing counsel in a continuing effort to avoid proceeding with a motion to dismiss. Legal research re same; memo. | 4.80 | MEF |
| | Review case law regarding issue of extension of time to file appeal when Motion for Recon was filed on collateral issue of atty sanctions. | 2.00 | MJS |
| | Receive and review email from Opp Counsel re refusal to dismiss Appeal. | 0.10 | MJS |
| | Received and reviewed Memo on issues re collateral attacks do not extend time to appeal. | 0.80 | MJS |
| Sep-13-12 | Complete research and analysis of timeliness of appeal issue raised by opposing counsel. Prepare detailed draft response; e-mail to and telephone call with M. Saltz re same. Prepare detailed e-mail to opposing counsel re same. | 2.80 | MEF |
| | Receive and review email from M. Fingerman to Opp Counsel re response to refusal to dismiss appeal. | 0.20 | MJS |
| Sep-14-12 | Appeal: Prepare supplements to motion to dismiss, addressing Henkel's anticipated argument. | 3.20 | MEF |
| Sep-17-12 | Prepare supplements to Motion to Dismiss Appeal. E-mail to M. Saltz re same. | 3.60 | MEF |

| Sep-20-12 | Meeting with client re issues on appeal | 1.00 | MJS |
|---|---|---|---|
| Sep-28-12 | Draft portion of Motion to Dismiss Appeal. | 0.50 | MJS |
| Sep-30-12 | Revise second draft of motion to dismiss appeal; e-mail to M. Saltz re same. | 3.00 | MEF |
| Oct-04-12 | Draft edits to Motion to Dismiss Appeal. | 0.50 | MJS |
| Oct-11-12 | Review, Revise and Prepare Motion to Dismiss Appeal for Filing with Ninth Circuit Court of Appeals | 2.90 | CP |
| Oct-12-12 | Received and reviewed Opp to Motion to Dismiss. Reviewed case law and drafted memo on two issues for Reply. | 1.00 | MJS |
| Oct-17-12 | Analyze opposition to motion to dismiss appeal. Legal research re same. Prepare reply to opposition. E-mail to M. Saltz re same. | 6.20 | MEF |
| Oct-18-12 | Draft portion of Reply for Motion to Dismiss Appeal. Sent for final editing and filing. | 1.40 | MJS |
|  | Draft E-mail to M. Saltz and M. Fingerman re: Reply in Support of Motion to Dismiss Appeal | 0.20 | CP |
| Oct-19-12 | Draft Portion of Motion to Dismiss Appeal and Prepare for Service and Filing | 1.30 | CP |
| Nov-19-12 | Call with Client re Status of Appeal | 0.80 | MJS |
| Dec-20-12 | Email to M. Saltz re Order on Motion to Dismiss Appeal; Calendar Briefing Schedule | 0.50 | CP |
| Jan-01-13 | Received and reviewed Order from Court denying motion to dismiss without prejudice.  Court wants the argument to be set forth in the Appellate briefs. | 0.30 | MJS |
| Jan-23-13 | Continue review of case file for appeal | 3.60 | MJS |

| | | | |
|---|---|---|---|
| Jan-24-13 | Determine impact of appellant's failure to designate transcripts and continue review of case file; research on lack of jurisdiction. | 1.70 | MJS |
| Jan-30-13 | Receive and review emails from Court re filing of Opening Brief in Appeal. | 0.20 | MJS |
| Jan-31-13 | Begin review of opening brief and excerpts of record on appeal; identify deficiencies and arguments to address and begin outline of response. | 4.50 | MJS |
| Feb-01-13 | Begin review of opening brief and excerpts of record on appeal; identify deficiencies and arguments to address and begin outline of response. | 1.60 | MJS |
| Feb-04-13 | Prepare supplemental excerpts of record with additional documents not included in appellant's excerpts of record. | 2.80 | MJS |
| | Received and reviewed order from court re filing of opening brief. | 0.20 | MJS |
| | Receive and review email from Court re Opening Brief filed with Court. | 0.10 | MJS |
| Feb-05-13 | Continue review of record for use in preparing opening brief. | 2.00 | MJS |
| Feb-06-13 | Continue review of record for use in preparing opening brief; begin statement of facts for opening brief. | 5.10 | MJS |
| Feb-07-13 | Prepare statement of facts, section on standard of review, section arguing that appeal is untimely and section that appeal is waived due to preparation of an inadequate record in opening brief. | 6.50 | MJS |
| Feb-08-13 | Continue draft of opening brief; argument sections as to merits of jurisdictional inquiry. | 3.50 | MJS |
| Feb-11-13 | Continue draft of opening brief; argument sections; research waiver of issues by Robert Henkel. | 7.20 | MJS |
| Feb-12-13 | Continue draft of brief; argument sections; continue preparation of supplemental excerpts of | 7.50 | MJS |

6

| | the record. | | |
|---|---|---|---|
| Feb-13-13 | Continue draft of opening brief; argument sections as to merits of jurisdictional inquiry. | 3.00 | MJS |
| Feb-13-13 | Receive and review email from client re appeal. Responded to same. | 0.20 | MJS |
| Feb-14-13 | Continue draft of opening brief: prepare supplemental excerpts. | 4.80 | MJS |
| Feb-15-13 | Insert record citations to opening brief and check case citations. | 4.50 | MJS |
| | Submit Application for Extension to File Answering Brief | 0.20 | CP |
| Feb-19-13 | Check case citations in opening brief. | 2.00 | MJS |
| Feb-20-13 | Revisions to facts in opening brief. | 1.90 | MJS |
| Feb-27-13 | Finish draft of opening brief; check facts and spelling/grammar. | 3.20 | MJS |
| Mar-04-13 | Review revisions to opening brief to include facts about NuScience's ownership of all trade secrets in this case. | 1.50 | MJS |
| Mar-05-13 | Revisions to opening brief. | 0.60 | MJS |
| Mar-11-13 | Continue revisions to opening brief; finalize supplemental excerpts of record. | 2.50 | MJS |
| Mar-12-13 | Insert record citations to opening brief; review supplemental excerpts of record for completeness | 5.50 | MJS |
| Mar-14-13 | Revisions to motion for contempt of Robert and Michael Henkel; finalize opening brief. | 5.30 | MJS |
| Mar-15-13 | Draft/Revise portion of Appellate Brief. | 1.50 | MJS |
| Mar-18-13 | Begin motion for sanctions; finalize opening brief. | 4.40 | MJS |
| Mar-19-13 | Finalize brief and excerpts for filing. | 1.00 | MJS |

| Mar-20-13 | Continue motion for sanctions. | 1.60 | MJS |
|---|---|---|---|
| Mar-21-13 | Draft Portion of Appellee's Opening Brief | 3.00 | CP |
| Mar-22-13 | Final review of opening brief before filing. | 0.50 | MJS |
| Mar-22-13 | Review Supplemental Records Volume 1 and 2 | 1.00 | CP |
| Mar-25-13 | Receive and review email from Opp. counsel re failure to receive appellate filing; instructed C. Petersen to investigate and serve if necessary. | 0.30 | MJS |
| | Receive and review email from Court confirming filing of appellate brief. | 0.10 | MJS |
| | Prepare Supplemental Record Volumes One and Two for Filing w/ Appellate Court | 2.80 | CP |
| Mar-26-13 | Receive and review email from Court re filing of record on appeal. | 0.10 | MJS |
| Mar-28-13 | Continue draft of motion for sanctions. | 2.60 | MJS |
| Apr-01-13 | Finish initial draft of motion for sanctions on appeal. | 1.00 | MJS |
| Apr-08-13 | Review Robert Henkel's Reply Brief and analyze arguments and research case law (38 pages); revision to motion for sanctions. | 4.50 | MJS |
| Apr-24-13 | Finish revisions to motion for sanctions. | 1.20 | MJS |
| May-08-13 | Draft edits and revise certain portions of Motion for Sanctions. | 1.90 | MJS |
| May-15-13 | Finish revisions to motion for sanctions. | 3.50 | MJS |
| | **TOTAL** | **184.10** | |

| | |
|---|---|
| 9th Circuit Case Number(s) | 12-56405 |

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the
United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system
on (date) Jun 18, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be
accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Michael J. Saltz

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the
United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system
on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate
CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I
have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it
to a third party commercial carrier for delivery within 3 calendar days to the following
non-CM/ECF participants:

Signature (use "s/" format) |